## WIOO Inc. v. Weibley

*Edgar R. Casper,* for plaintiff.
*Paul W. Grego,* for defendant.

BAYLEY, *J.*, June 10, 1992—Plaintiff seeks damages for an alleged breach of an oral agreement. Suit was instituted by the filing of the praecipe for the issuance of a writ of summons on August 9, 1989. On September 19, 1989, counsel for defendant entered a written appearance. Endorsed on the appearance was a demand for a jury trial. On November 21, 1989, defense counsel entered a similar written appearance and filed a praecipe for a rule against plaintiff to file a complaint. An endorsement with a demand for a jury trial was set forth on both of those documents. Plaintiff filed a complaint on December 7, 1989; defendant filed an answer with new matter on January 30, 1990; and plaintiff filed a reply to the new matter on February 13, 1990. None of these three pleadings contained an endorsement with a demand for a jury trial, nor has any separate writing been filed by either party demanding a jury trial. The case was listed by plaintiff for a non-jury trial, and a pretrial conference was held on June 1, 1991. Defendant maintains that the trial must be by jury.

Pennsylvania Rule of Civil Procedure 1007.1(a) provides:

"In any action in which the right to jury trial exists, that right shall be deemed *waived unless* a party *files and serves a written demand for a jury trial not later than 20 days after service of the last permissible pleading.* The demand shall be made *by endorsement on a pleading or by a separate writing.*" (emphasis added)

A right to a jury trial exists in this case; therefore, the issue is whether defendant has waived a jury trial pursuant to Rule 1007.1. Pennsylvania Rule of Civil Procedure 1017, titled "Pleadings Allowed" provides:

"(a) [E]xcept as provided by Rule 1041.1, the pleadings in an action are limited to a complaint, an answer thereto, a reply if the answer contains new matter or a counterclaim,

a counter-reply if the reply to the counterclaim contains new matter, a preliminary objection and an answer thereto."[1]

There are three pleadings filed in this case; a complaint filed by plaintiff, an answer with new matter filed by defendant, and a reply to new matter filed by plaintiff on February 13, 1990. These pleadings are not endorsed with a demand for a jury trial nor did any party file a written demand for a jury trial not later than 20 days after February 13, 1990, which would have been the last day for doing so based on the pleadings in this case. Accordingly, a jury trial has been waived since the endorsements on the entry of an appearance by defense counsel, and on the praecipe for the issuance of a rule against plaintiff to file a complaint, did not preserve the right to a jury trial because those endorsements are not on pleadings as required by Rule 1007.1, as pleadings are defined by Rule 1017. Rule 1007.1(a) distinguishes between an endorsement on a pleading and a separate writing; therefore, an endorsement on documents that are not pleadings, is not a separate writing that can preserve the right to a jury trial. *Jones v. VanNorman,* 513 Pa. 572, 522 A.2d 503 (1987).[2] For the foregoing reasons, the following order is entered.

## ORDER OF COURT

And now, June 10, 1992, the request of defendant for a jury trial, is denied.

---

1. Rule 1041.1 sets forth special provisions applicable only to asbestos litigation.

2. The statement at 7 Standard Pennsylvania Practice Second §42.3, citing *Hoeke v. Mercy Hospital of Pittsburgh,* 254 Pa. Super. 520, 386 A.2d 71 (1978), that a "demand for a jury trial can be filed with an appearance," is not supported by *Hoeke.* Such an issue was not raised or decided in *Hoeke.*